IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

A'KWANZA K. BLAKES,

      Plaintiff,

      v.

SGT. T. HINES, et al.,

      Defendants.

CIVIL ACTION NO.: 2:25-cv-119

## O R D E R

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  The Court now conducts its frivolity screening under 28 U.S.C. § 1915A.[1]  For the reasons stated below, I **DISMISS** Plaintiff's claims against Defendants Mosley, Wayne County Commissioners, and Lockwood.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's Fourteenth Amendment excessive force claims against Defendants Hines, Farell, and Saylor; Plaintiff's Fourteenth Amendment deliberate indifference claims against Defendants Wingate, Mays, Hines, Farell, and Saylor; and Plaintiff's First Amendment retaliation claims against Defendants Hines and Farell.

---

[1]      Plaintiff has consented to my plenary review.  Docs. 3, 6.

**PLAINTIFF'S CLAIMS**[2]

Plaintiff alleges that Defendants violated his constitutional rights in a series of incidents that took place while he was in pretrial detention at Wayne County Jail in September 2024. Doc. 1 at 27. Plaintiff alleges that he had a meeting with his assigned public defender, Defendant Lockwood. He alleges that Lockwood made inappropriate advances toward him while discussing his case. Id. at 12–13. He alleges that he sought out Defendants Hines and Farell for help, but they refused. Id. at 13–16. Plaintiff alleges that he was later returning to his cell when Defendant Farell directed officers to place him in a restraint chair. Id. at 22. He alleges that Defendant Saylor grabbed him, tackled him, and forced him into the chair without reason. Id. at 7. He alleges that Defendant Hines also forced him into the chair, threatened him, and used a Taser on him six times in his groin. Id. at 10, 17. Plaintiff alleges he was forced to sit in the restraint chair for five hours with no access to a restroom. Id. at 18. Plaintiff also alleges Defendant Farell used her personal cell phone to take photos of his injuries and threw his glasses, breaking them. Id. at 23–24. Plaintiff alleges no Defendant attempted to get him medical help. Id.

On another occasion (potentially in the aftermath of the previous incident), Plaintiff alleges he was placed in isolation for 30 days and was housed in the same cell as a detainee who murdered a friend of his. Plaintiff alleges that officers did this out of retaliation. Plaintiff states that he convinced other jail staff to move the other inmate out of his cell, but that Defendants Hines and Farell had the inmate moved back in the cell. Id. at 19, 24.

---

[2] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Plaintiff alleges that Defendant Wingate, the nurse at the jail, refused to provide him with necessary medical attention and allowed him to stay in isolation for 10 months.  Id. at 25–26.

Plaintiff states that he addressed grievances to Defendant Mays about all allegations and that Mays did nothing about the issues.  Id. at 8–9.  Plaintiff alleges injuries to his knee, groin, and kidneys, as well as Taser burns.  Id. at 11, 27.  Plaintiff seeks damages for violations of the First, Fourth, Eighth, and Fourteenth Amendments.  Id. at 3.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the

3

elements of a cause of action will not" suffice.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

## DISCUSSION

### I.   Plaintiff's Claims Against Defendant Lockwood

Plaintiff asserts several claims against Johnathan Lockwood, his assigned public defender.  Doc. 1 at 5.  However, § 1983 creates liability only for "a person acting under color of state law."  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  It is well established that public defenders are not state actors for the purposes of § 1983.  See Polk County. v. Dodson, 454 U.S. 312, 324–25 (1981) (finding that public defenders generally do not act under color of state law when performing their traditional functions); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (finding that allegations against a public defender did "not state a claim under section 1983 as [the public defender] did not act under 'color of state law' notwithstanding his appointment as counsel by a judicial officer.").  Plaintiff has made no allegation in the Complaint that Defendant Lockwood acted under color of state law at any point. "[P]rivate conduct, no matter how discriminatory or wrongful," is plainly excluded from Section 1983's reach.  Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999)).  Therefore, Plaintiff has not stated a constitutional claim against Defendant Lockwood.

### II.   Plaintiff's Claims Against Defendants Mosley and Wayne County Commissioners

Plaintiff names Wayne County Sheriff Chuck Mosley and "Wayne County Commissioners" as Defendants but makes no specific factual allegations about these Defendants. Doc. 1 at 4–5.  Section 1983 liability requires personal participation in allegedly unconstitutional conduct.  A supervisory official is only liable if the plaintiff can allege a "causal connection"

between the official's actions and the deprivation. <u>Weaver v. Mobile County</u>, 228 F. App'x 883, 886 (11th Cir. 2007) (quoting <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003)). As a result, a "[s]heriff can have no respondeat superior liability for a section 1983 claim." <u>Id.</u> (quoting <u>Marsh v. Butler County</u>, 268 F.3d 1014, 1035 (11th Cir. 2001)). The same logic applies to the Wayne County Commissioners. <u>See</u> <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321–22 (11th Cir. 2008) (affirming dismissal when the plaintiff "allege[d] that a constitutional violation occurred" but "fail[ed] to allege facts that associate" the defendants with the violation). Because Plaintiff has alleged no facts personally implicating these Defendants in any constitutional violation, his claims against them should fail.

## CONCLUSION

For the reasons set forth above, I **DISMISS** Plaintiff's claims against Defendants Mosley, Wayne County Commissioners, and Johnathan Lockwood. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's Fourteenth Amendment excessive force claims against Defendants Hines, Farell, and Saylor; Plaintiff's Fourteenth Amendment deliberate indifference claims against Defendants Wingate, Mays, Hines, Farell, and Saylor; and Plaintiff's First Amendment retaliation claims against Defendants Hines and Farell.

**SO ORDERED**, this 23rd day of February, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5